# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-40370
Summary Calendar

_____

HAROLD R. HAYES, II,

Plaintiff-Appellee,

versus

MARK A. DIAZ; ET AL.,

Defendants,

MARK A. DIAZ; GARY JOHNSON, Warden;
SABAS ENCINIA, Jr.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-98-CV-325)
_____

December 27, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

This interlocutory appeal by defendant prison officials concerns the denial of their motion for summary judgment, based on claimed qualified immunity and seeking the dismissal of Harold Hayes' 42 U.S.C. § 1983 claim of denial of access to the courts (the claim).

Hayes was found to be illiterate. After he filed his *pro se* § 1983 action, an attorney was appointed for him and filed an amended complaint. Hayes is represented by counsel on appeal.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendants claim entitlement to qualified immunity for the following reasons: 1) Hayes' claim is barred by claim preclusion (*res judicata*) because he raised it in objections to the magistrate judge's recommendation to dismiss his earlier 28 U.S.C. § 2254 habeas petition as time-barred and in his request for an ensuing certificate of appealability from this court; 2) the claim is barred by **Heck v. Humphrey**, 512 U.S. 477 (1994), because a favorable ruling on the claim would mean Hayes' underlying habeas claims had merit; 3) Hayes' § 1983 allegations did not establish the claim because his § 2254 claims were frivolous; 4) Hayes' claim is frivolous given that he filed other pleadings during the one-year limitations period; and 5) Defendants were not unreasonable in denying Hayes' numerous requests for a "legal visit".

While we have jurisdiction to review the denial of summary judgment claimed pursuant to qualified immunity, *see* **Lukan v. N. Forest ISD,** 183 F.3d 342, 345 (5th Cir. 1999), *cert. denied* 529 U.S. 1019 (2000), claim preclusion is not inextricably intertwined with our analysis of Defendants' qualified immunity claims, and we have no jurisdiction to consider those arguments in this interlocutory appeal. *See, e.g.,* **Woods v. Smith,** 60 F.3d 1161, 1166 n.29 (5th Cir. 1995), *cert. denied* 516 U.S. 1084 (1996).

Because we determine whether a plaintiff has asserted a violation of a constitutional right as part of our qualified immunity analysis, we can address Defendants' **Heck** contention. *See* **Wells v. Bonner,** 45 F.3d 90, 94 (5th Cir. 1995). The Supreme Court in **Lewis v. Casey**, 518 U.S. 343, 353 n.3 (1996), indicated that the

underlying claims in an access-to-the-courts action should not be frivolous; on the other hand, the Court did not suggest that the underlying claims had to be meritorious. We find no authority to extend **Heck** to a case such as this one, where the plaintiff is not challenging his conviction and incarceration but instead the denial of his opportunity to challenge that conviction.

There are genuine issues of material fact regarding whether Hayes' underlying habeas claims were frivolous. The fact that Hayes filed other pleadings during the limitations period relevant to the instant case does not, as a matter of law, automatically negate his claim of denial of access to the courts; and Defendants seek to challenge issues of fact over which we have no jurisdiction. *See Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 392 (5th Cir. 2000). Similarly, whether Defendants acted reasonably in denying Hayes' requests for a "legal visit" involves the genuineness of material facts.

*AFFIRMED*